IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RASHAND LANDRY and CHERYL HOUSTON, <br><br> Plaintiffs, <br><br> v. <br><br> TIS, Inc. d/b/a/ INTERNATIONAL VISA SERVICE and PATSY O. WOLF, <br><br> Defendants. | CIVIL ACTION FILE NO. <br><br> _____ <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT
AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiffs Rashand Landry and Cheryl Houston, by and through their undersigned counsel, and hereby bring this action against Defendants TIS, Inc. d/b/a/ International Visa Service and Patsy O. Wolf.

**NATURE OF THE ACTION**

1.  Plaintiffs Rashand Landry ("Landry") and Cheryl Houston ("Houston") (collectively "Plaintiffs") bring this action under the Fair Labor Standards Act ("FLSA") of 1938, as amended, 29 U.S.C. § 201 et seq., against Defendants TIS, Inc. d/b/a/ International Visa Service ("International Visa") and

1

its individual corporate officer, Patsy O. Wolf ("Wolf" or "Corporate Officer") (collectively "Defendants"), alleging that Defendants willfully failed to compensate Plaintiffs at time and one-half for all hours worked in excess of forty (40) hours per week.

2. As a result of Defendants' violation of the FLSA, Defendants are liable, jointly and severally, to Plaintiffs for all unpaid overtime wages, an equal amount of liquidated damages, and reasonable costs and attorneys' fees.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331.

4. Venue is proper pursuant to 28 U.S.C § 1391(b) and Local Rule 3.1(B)(3) in the Atlanta Division of the Northern District of Georgia because (1) a substantial part of the events and omissions giving rise to the claim occurred within this District and Division and (2) Defendants reside and transact business in this District and Division.

5. Plaintiffs are former, nonexempt "employees" of Defendants.

6. Defendant International Visa at all times relevant qualified as an "employer" as defined by 29 U.S.C. § 203(d).

7. Defendants employed Plaintiffs, who handled and otherwise worked on goods and/or materials that had been moved in or produced for commerce.

8. For example, in order to perform their work, Plaintiffs (1) prepared documents for direct and indirect interstate transmission; (2) sent and received out-of-state letters, mail, and various other documents; and (3) routinely used instrumentalities of interstate commerce to perform their work.

9. Plaintiffs engaged in the preparation, execution, and validation of letters, documents, papers, and other materials pertaining to interstate activity.

10. Plaintiffs routinely used the telephone and electronic-mail to communicate with persons located outside the state as well as international tourists engaged in interstate activity.

11. On information and belief, and at all times relevant, Defendant International Visa has had an annual gross volume of sales made, or business done, in excess of $500,000.00.

**PARTIES**

12. Plaintiff Rashand Landry is a citizen of Georgia who resides in DeKalb County, Georgia.

13. Plaintiff Cheryl Houston is a citizen of Georgia who resides in Henry County, Georgia.

14. Defendant International Visa is a Georgia corporation with its principal office address located at 1634 White Circle, N.W., Suite 103, Marietta, Georgia 30066.

15. Defendant Wolf, a Georgia resident, is the Chief Executive Officer, Chief Operating Officer, shareholder, and owner of Defendant International Visa.

16. Defendant International Visa may be served with process by delivering a copy of the Complaint and Summons to its registered agent, Clyde Dennis Collis, at 1634 White Circle, N.W., Suite 103, Marietta, Georgia 30066.

17. Defendant Wolf may be served with process personally at her home address, at her office address, or wherever she may be found. Alternatively, Defendant Wolf may be served with process by leaving a copy of the Summons and Complaint with someone of suitable age and discretion residing at her home address.

## FACTUAL ALLEGATIONS SHOWING THAT DEFENDANT CORPORATE OFFICER WOLF IS AN EMPLOYER UNDER THE FLSA

18. At all times relevant, Defendant Wolf qualified as an "employer" under 29 U.S.C. § 203(d).

19. At all times relevant, Defendant Wolf held, and continues to hold, a significant ownership interest in International Visa, which has been, and continues

to be, engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

20. At all times relevant, Defendant Wolf acted directly and indirectly in the interest of International Visa in relation to Plaintiffs Landry and Houston.

21. At all times relevant, Defendant Wolf exercised day-to-day control over the affairs of International Visa, including: approving promotions and raises; hiring and discharging employees; and establishing other terms and conditions of employment.

22. At all times relevant, Defendant Wolf had a significant involvement in the supervision and payment of Plaintiffs Landry and Houston.

23. Defendant Wolf directly and indirectly controlled, determined, and directed the day-to-day operations of International Visa.

24. Upon information and belief, Defendant Wolf divided and assigned work assignments, and oversaw scheduling and compensation.

25. Upon information and belief, Defendant Wolf had the ultimate power to make binding policy decisions for International Visa.

## FACTUAL ALLEGATIONS

26. Plaintiff Landry was employed by Defendants from approximately November 2007 through May 28, 2012, as a document specialist.

27. Plaintiff Houston was employed by Defendants from approximately November 27, 2007 through August 19, 2011, as a document specialist.

28. Defendant International Visa is an enterprise primarily engaged in providing materials and documentation related to its clienteles' traveling needs outside of the United States.

29. For example, International Visa offers passport and visa services for adults and children, certified birth records, authentications and legalizations, and apostilles.

30. According to International Visa's online website, it offers same day emergency services to persons who can demonstrate "a real emergency." These services are available in the lower forty-eight (48) as well as Alaska and Hawaii.

31. International Visa offers its services from two locations, one of which is located in Sandy Springs, Georgia, and the other inside Atlanta, Georgia's Hartsfield Jackson International Airport.

32. Throughout Plaintiffs' employment, the business hours of International Visa's Sandy Springs location was 8:30 a.m. to 5:30 p.m., Monday to Friday, while its Airport location was open Sunday through Friday, 6:30 a.m. to 9:00 p.m. and on Saturdays from 8:00 a.m. to 6:00 p.m.

33. International Visa's Airport location is open seven (7) days a week.

34. Defendant International Visa assigned Plaintiff Landry work at both International Visa locations.

35. Generally, from November 2007 through January 2010, Plaintiff Landry worked Monday through Friday an eight (8) hour shift at the Airport location, which began at 1:00 p.m. and concluded at 9:30 p.m., with a 30-minute lunch break.

36. In January 2010, Plaintiff Landry was transferred to the Sandy Springs location, where he worked generally, Monday through Friday, an eight (8) hour shift that began at 9:00 a.m. and concluded at 5:30 p.m., with a 30-minute lunch break.

37. While employed at Defendants' Sandy Springs location, Plaintiff Landry was also assigned a ten (10) hour Saturday shift at the Airport location, which began at 8:00 a.m. and concluded at 6:00 p.m.

38. In early January 2012, Plaintiff Landry was transferred back to the Airport location, where he worked through May 2012 the same shift that he had worked prior to his transfer to the Sandy Springs location.

39. Plaintiff Houston solely performed work at Defendant International Visa's Airport location.

40. Generally, Plaintiff Houston worked Sunday through Friday a shift that began at 6:30 a.m. and concluded at 3:30 p.m., with a 60-minute lunch break.

41. On Saturdays, Plaintiff Houston worked a shift that began at 8:00 a.m. and concluded on 6:00 p.m.

42. Plaintiffs were paid an hourly rate of $12.00, which meant their effective overtime rate should have been $18.00.

### I. **Plaintiff Landry and Houston's Duties.**

43. As document specialists, Plaintiffs performed substantially the same duties.

44. In their capacity as document specialists, Plaintiffs' duties included: (1) processing visa and passport applications; (2) reviewing passport applications for sufficiency and accuracy; (3) contacting embassy and consulate personnel regarding pending or approved visa and passport applications; (4) assisting passport, visa, and immigration candidates requiring support with the completion and submission of application materials; and (5) compiling all necessary passport and visa documentation.

45. From January 2011 through January of 2012, Plaintiff Landry was given an additional duty by Defendants: report, using a company-owned vehicle, to

various consulates and embassies, perform work there, deliver and pick-up materials, and then travel from the designated place to International Visa.

46. Plaintiff Landry maintained the International Visa vehicle at his personal residence.

47. Plaintiff Landry on a routine basis reported to consulates and embassies where he performed work prior to arriving to his final destination at International Visa.

48. Plaintiff Landry was not compensated for his time spent driving, though the time should have been counted as hours worked.

## II.     Lunchtime-Deductions.

49. At all times relevant, Defendants utilized a timekeeping system that deducted from employee wages a lunch period, regardless of whether a lunch break was actually taken by an employee.

50. Upon information and belief, Defendants informed employees that a lunch period would be deducted in cases where employees worked during their lunch break.

51. Upon information and belief, Defendants deducted a lunch break from Plaintiffs' wages even though they rarely, if ever, actually took a lunch break.

52. Plaintiffs routinely worked the majority of their lunch breaks.

53. For example, during their lunch break, Plaintiffs processed visa and passport applications and reviewed passport applications for sufficiency and accuracy.

54. While on their lunch break, Plaintiffs also assisted passport, visa, and immigration candidates requiring support with the completion and submission of various applications, and delivered passport, apostilles, and visa documentation to embassies and consulates.

55. Because Plaintiffs worked while eating, they were not completely relieved of their duties.

56. These real limitations on Plaintiff's personal freedom inured to Defendants' benefit.

57. Defendants knew and had reason to believe that Plaintiffs continued to work during their lunch breaks and that the time was work-time.

58. Upon information and belief, Plaintiffs' supervisors, general manager, and Corporate Officer routinely asked Plaintiffs to perform work during their lunch breaks.

59. Upon information and belief, Plaintiffs' supervisor, general manager, and the Corporate Officer all routinely asked Plaintiffs to perform time-sensitive

tasks at or near the beginning of their lunchtime breaks, which caused them to work during lunch breaks.

60. For example, in those instances that Defendants received a phone call from persons demonstrating "a real emergency", Plaintiffs were required to devote their time entirely to the person calling, which meant a lunch break could not be taken.

61. By way of further example, if a potential or existing client entered the Defendants' establishment, Plaintiffs were required to stop eating and attend to the client's needs.

62. Upon information and belief, Defendants created an environment that discouraged Plaintiffs from reporting any hours or part hours worked during lunch.

63. Defendants' deduction policy resulted in lost overtime to the extent that the operation of the policy deprived Plaintiffs of credit for hours worked in excess of forty (40) per week.

64. Throughout Plaintiffs' employment with Defendants, Plaintiffs routinely worked in excess of forty (40) hours per week.

65. Throughout Plaintiffs' employment, Defendants systematically undercompensated Plaintiffs for the number of hours actually worked.

66. Plaintiffs were required to be compensated at a rate of one and one-half times their hourly rate for each hour worked in excess of forty (40) hours in any given pay period.

67. Defendants knew or should have known that the FLSA applied to Plaintiffs.

## WILLFUL FAILURE TO PAY OVERTIME

68. Paragraphs 1 through 67 are incorporated herein by reference.

69. Defendants had an unwritten policy whereby hours worked in excess of forty (40) per workweek would not be compensated at one and one-half the regular rate.

70. In those instances that Defendants' attempted to pay overtime, they did so by substituting compensatory-time for hours worked in excess of forty (40) per workweek.

71. Defendants' compensation scheme to substitute compensatory-time for overtime wages violated the FLSA.

72. By virtue of Defendants' policy, they at no time whatsoever paid Plaintiffs overtime pursuant to the FLSA's overtime provision.

73. Plaintiffs complained to Defendants, stating that their policy of refusing to pay overtime violated the law.

74. In response to Plaintiffs' complaints, Defendants repeated their assertions that overtime was unavailable and then subjected Plaintiffs to adverse employment actions.

75. Upon information and belief, Plaintiff Landry's employment was terminated for complaining to the Defendants about the unlawful substitution of compensatory time for overtime wages.

76. Plaintiffs regularly worked in excess of forty (40) hours per week while employed with Defendants.

77. Defendants are liable to Plaintiffs for any and all time worked in excess of forty (40) hours per week.

78. Defendants knew or should have known that the FLSA applied to Plaintiffs.

79. Defendants' violations of the FLSA overtime provision, 29 U.S.C. § 207(a), were willful because Defendant: (1) failed to maintain accurate time records; (2) failed to compensate Plaintiffs for all time worked; (3) led Plaintiffs to believe that Defendants' lunchtime deduction policy conformed with the FLSA and the laws of the State of Georgia; and (4) discouraged Plaintiffs from reporting time worked in excess of forty (40) hours.

80. Defendants are jointly and severally liable to Plaintiffs for their damages under the FLSA.

81. Plaintiffs seek damages in the amount of Plaintiffs' unpaid overtime wages, liquidated damages as provided under the FLSA, and any other legal and equitable relief the Court deems proper.

82. Plaintiffs seek recovery of attorneys' fees and costs to be paid by Defendants, jointly and severally, and as provided by the FLSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs Landry and Houston respectfully pray that:

a. the Court enter judgment in favor of Plaintiffs;

b. the Court enter judgment against Defendants that their violations of the FLSA were willful;

c. the Court award Plaintiffs for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the regular rate, as provided for under the FLSA;

d. the Court issue an order holding Defendants jointly and severally liable to Plaintiffs;

e. the Court award Plaintiffs liquidated damages in an amount equal to the amount of their unpaid overtime wages, as required by the FLSA;

f.  the Court determine all triable issues at trial; and

g.  the Court award all other relief as the Court deems just and proper, included any and all equitable relief.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs Landry and Houston demand a jury trial on all issues triable by a jury.

**RESPECTFULLY SUBMITTED**:   August 03, 2012

| | |
|---|---|
| **MAYS & KERR LLC** | /s/ Viraj Parmar |
| 229 Peachtree Street NW | Viraj Parmar |
| International Tower \| Suite 980 | Ga. Bar No. 996884 |
| Atlanta, GA 30303 | viraj@maysandkerr.com |
| Telephone:  (404) 410-7998 | |
| Facsimile:   (877) 813-1845 | John L. Mays |
| | Ga. Bar No. 986574 |
| Counsel to Plaintiffs | john@maysandkerr.com |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, counsel hereby certify that this Complaint and Demand for Jury Trial has been prepared using Times New Roman 14 point font, as approved by Local Rule 5.1C.

**THIS** 3rd day of August, 2012

/s/ Viraj Parmar
Viraj Parmar
Ga. Bar No. 996884
